**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Crystal A. Moya, | ) | No. CV 12-01659-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Carolyn Colvin, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff filed an application for supplemental security income on March 31, 2009. The claim was denied initially and upon reconsideration. Following a hearing on March 28, 2011, the administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act, and denying benefits. The Appeals Council denied plaintiff's request for review on June 7, 2012, rendering the ALJ's decision final. Thereafter, plaintiff filed this action seeking judicial review pursuant to 42 U.S.C. § 405(g). We have before us plaintiff's opening brief (doc. 10), defendant's answering brief (doc. 11), plaintiff's reply brief (doc. 12), and the administrative record (doc. 9).

**I. Background**

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as

1  a whole, a reasonable person might accept as adequate to support a conclusion. Where the
2  evidence is susceptible to more than one rational interpretation, one of which supports the
3  ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

4  The ALJ followed the Social Security Act's five-step procedure to determine whether
5  plaintiff is disabled. See 20 C.F.R. § 416.920(a)(4). First, the ALJ determined that plaintiff
6  meets the status requirements of the Social Security Act and has not engaged in substantial
7  gainful activity since the date of alleged onset. Tr. 19. At step two, the ALJ found that
8  plaintiff suffered "severe" impairments including thoracic facet syndrome, status post
9  diskectomy and bone stimulator implant, intercostal neuritis, and chronic pain syndrome. Id.
10 At step three, the ALJ found plaintiff's impairments do not meet the criteria listed in the
11 regulations. Tr. 20. Next, the ALJ determined that plaintiff has the residual functional
12 capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. §
13 404.1567(a). Id. The ALJ also found that plaintiff is unable to lift over 10 pounds, and
14 needs to avoid repeated bending, twisting and tilting. Id. At the hearing, the ALJ consulted
15 a vocational expert ("VE") who testified that based on vocational factors and the RFC,
16 plaintiff could perform sedentary work. Tr. 48. Based on the VE's testimony, the ALJ
17 concluded at step four that plaintiff is capable of performing her past relevant work as an
18 office manager, and therefore is not disabled. Tr. 23.

19  Plaintiff challenges the ALJ's decision arguing that the ALJ erred by: (1) finding at
20 step four that plaintiff could perform her past relevant work as an "office manager"; (2)
21 failing to give proper weight to the opinion of plaintiff's treating physician, Molly Finley
22 ("Dr. Finley"); (3) failing to adopt the state agency medical consultants' opinion; (4)
23 rejecting her symptom testimony; and (5) rejecting lay witness testimony. Finally, plaintiff
24 contends that new evidence submitted to the Appeals Council supports her position.[1]
25 Plaintiff urges that we remand for an award of disability benefits, or in the alternative, that

26

27  [1] Defendant does not dispute that the new evidence is part of the administrative record
28 and is properly before this court.

- 2 -

1  we remand for administrative proceedings.

## II. Step Four Disability Determination

Plaintiff first challenges the disability determination that the ALJ made at step four of the sequential analysis. Disability determinations are to be made according to a two-step process. At step four, the ALJ must determine whether the claimed impairment prevents the plaintiff from performing her "previous work." See 42 U.S.C. § 423(d)(2)(A) (1982). The inquiry at step four must be resolved in the plaintiff's favor where she cannot fully perform her previous job, but only one or more tasks associated with that job. Valencia v. Heckler, 751 F.2d 1082, 1087 (9th Cir. 1985). At step five, the ALJ may examine whether the skills and training acquired by the plaintiff through previous work experience have equipped her to engage in other, less demanding, work which exists in the national economy. Id.

In her disability report, plaintiff reported her job title as "dental assistant' and stated that it required standing 8 hours a day and sitting 1 hour a day. Tr. 114. During the administrative hearing, plaintiff stated that her previous work was as a "back office assistant manager/dental assistant." Tr. 36. The ALJ asked the VE to identify the exertional levels of the plaintiff's past work. The VE classified the exertional levels for the dental assistant and office manager parts of plaintiff's occupation as light and sedentary, respectively. Tr. 47. At step four of the analysis, the ALJ relied on the VE's testimony regarding plaintiff's work as an "office manager" to conclude that plaintiff could perform her past relevant work. Tr. 23.

Plaintiff argues that the ALJ erred when he found that she could perform past relevant work as an "office manager" and not the composite job of "dental assistant/office manager." Specifically, plaintiff contends that the ALJ improperly separated the "office manager" portion of plaintiff's job from the "dental assistant" portion of her job. We agree. "It is error for the ALJ to classify an occupation according to the least demanding function." Carmickle v. Commissioner, Social Sec. Admin. 533 F.3d 1155, 1166 (9th Cir. 2008). The plaintiff's past relevant work requires light and sedentary exertional levels. Based on the ALJ's RFC finding that plaintiff is limited to sedentary work, plaintiff cannot perform her past relevant

work. To the extent that the ALJ may have concluded at step four that the skills plaintiff gained from her previous work are transferrable to other, less demanding, work which exists in the national economy, this was also error. The step-four analysis is limited to determining whether the plaintiff can perform her past relevant work. Valencia, 751 F.2d at 1086–87. Therefore, at step four, the ALJ improperly determined that plaintiff could perform her past relevant work as an "office manager."

It appears that the ALJ effectively collapsed the step five inquiry into the step four analysis. While doing so may have been intuitive, the ALJ should have discussed step five of the sequential analysis separately. Although the ALJ may ultimately reach the same disability determination at step five, he must do so expressly. Because the ALJ failed to inquire at step five whether the plaintiff can perform any other work that exists in the national economy, we cannot conclude the error at step four was harmless. Remand is necessary for express findings at step five of the sequential analysis.

### III. Weight Given to Treating Physician Dr. Finley

Plaintiff next argues that the ALJ failed to provide sufficient reasons for rejecting the opinion of her treating physician, Dr. Finley. We agree. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citation omitted). If the opinion is contradicted, the ALJ may reject that opinion for "specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).

Dr. Finley opined that plaintiff is restricted to a permanent no work status due to her medical conditions. Dr. Finely also noted plaintiff is unable to lift over five pounds or perform repeated bending, twisting or tilting. Tr. 464. Defendant argues that the ALJ rejected Dr. Finley's opinion because it was partially contradicted by Dr. Curtis A. Dickman's January 2009 opinion that plaintiff could lift up to 10 pounds. The ALJ's assessment of the opinions was accurate based on the evidence submitted to the ALJ.

1 However, Dr. Dickman's May 2009 opinion, submitted to the Appeals Council as new
2 evidence, does not contradict Dr. Finley's opinion regarding plaintiffs lifting limitations and
3 ability to work. Defendant also argues that the ALJ rejected Dr. Finley's opinion in favor
4 of Dr. Dickman's opinion because Dr. Finley had only seen plaintiff twice when she issued
5 her opinion. See Doc. 11 at 11. However, the ALJ's decision does not provide that
6 explanation or any other specific and legitimate reasons for rejecting Dr. Finley's opinion.
7 Tr. 22. Moreover, new evidence submitted to the Appeals Council shows that Dr. Finley had
8 been treating plaintiff for at least two years, and thus refutes defendant's reasoning. See Tr.
9 510. Accordingly, the ALJ erred by failing to provide specific and legitimate reasons for
10 rejecting Dr. Finley's opinion. Because the new evidence may alter the ALJ's decision, the
11 error is not clearly harmless, and remand is necessary for further findings.

## IV. State Agency Consultants' Testimony

Next, plaintiff argues that the ALJ erred by failing to adopt the state agency medical consultants' opinion that plaintiff could only occasionally use her left upper extremity for reaching. The ALJ is not obliged to fully adopt a state agency consultant's opinion. Indeed, "[a]s a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the [plaintiff]." Lester, 81 F.3d at 830. Here, the ALJ considered the opinions of the state agency consultants along with the opinion of treating physician, Dr. Dickman. Tr. 22. The consultants' opinions were consistent with Dr. Dickman's insofar as they opined that plaintiff could perform the lifting requirements of sedentary work, but not insofar as they opined that plaintiff required additional left arm limitations. The ALJ gave significant probative weight to Dr. Dickman's opinion and explained that he found the consultants' opinions persuasive to the extent that they are consistent with the finding that "[plaintiff's] impairments do not prevent the performance of work related activities." Tr. 22. Thus, the ALJ's partial rejection of the consultants' opinions is reasonable and supported by substantial evidence.

## V. Subjective Pain Testimony

1    Plaintiff also argues that the ALJ failed to provide clear and convincing reasons to
2 reject the credibility of her symptom testimony. Defendant argues that this court must apply
3 the standard articulated in Bunnell v. Sullivan, 9457 F.2d 341 (9th Cir. 1991), which
4 requires that the ALJ merely make findings "properly supported by the record [and]
5 sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the
6 [plaintiff's] testimony on permissible grounds and did not arbitrarily discredit a [plaintiff's]
7 testimony regarding pain." Id. at 345-46. However, subsequent Ninth Circuit cases have
8 elaborated on Bunnell and have accepted the clear and convincing standard. See e.g., Clark
9 v. Astrue, 2013 WL 254065, *11  (9th Cir. 2013); Molina v. Astrue, 674 F.3d 1104 (9th Cir.
10 2012); Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1234 (9th Cir. 2011); Vasquez
11 v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). Absent affirmative evidence of malingering,
12 an ALJ must give clear and convincing reasons in order to reject the plaintiff's symptom
13 testimony.  Molina, 674 F.3d at 1112-1113.  Nevertheless, an ALJ is not "required to
14 believe every allegation of disabling pain." Id. When weighing a plaintiff's credibility, the
15 ALJ may consider "testimony from physicians and third parties concerning the nature,
16 severity, and effect of the symptoms of which he complains." Light v. Social Sec. Admin.,
17 119 F.3d 789, 792 (9th Cir. 1997) (citations omitted).

18    Here, the ALJ cited specific reasons to support his conclusion that plaintiff's
19 allegations regarding the severity and extent of her limitations are not fully credible. Tr. 22.
20 Plaintiff testified that the constant pain in her chest cavity and into her back prevent her from
21 working. The ALJ noted that "the medical evidence supports a finding that the [plaintiff's]
22 impairments, although imposing some restrictions, do not prevent her from engaging in all
23 work related activities." Tr. 21. The ALJ specifically discussed medical records which
24 detracted from plaintiff's claims of disabling limitations. The ALJ noted that an examination
25 on January 9, 2009 by Dr. Dickman indicated that plaintiff had a moderate amount of
26 postoperative chest wall pain. Tr. 21. The ALJ also noted that Dr. Todd M. Doerr indicated
27 that the placement of a permanent spinal cord stimulator was covering part of the plaintiff's
28

1   pain. Tr. 22. Finally, the ALJ noted that Dr. Todd Turley's examination of plaintiff revealed
2   her pain was essentially within normal limits. Tr. 22.

3   Where, as here, the ALJ has made specific findings justifying a decision to disbelieve
4   plaintiff's symptom allegations, and those findings are supported by substantial evidence in
5   the record, "we may not engage in second-guessing." Thomas, 278 F.3d at 958-59.
6   Therefore, we conclude the ALJ gave clear and convincing reasons to support his
7   determination that plaintiff's statements concerning the intensity, persistence, and limiting
8   effects of her symptoms are not credible to the extent alleged.

### VI. Lay Witness Testimony

Finally, plaintiff argues that the ALJ failed to provide legally sufficient reasons for rejecting statements from plaintiff's husband and mother. "The ALJ may reject a third party's testimony upon giving a reason germane to that witness." Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007). The ALJ noted that the third party function reports completed by plaintiff's husband and mother indicate that plaintiff is limited in her daily function. Tr. 23. The ALJ found the parties were sincere, but rejected their statements for the same reason that he rejected [plaintiff's] symptom testimony – namely, that "objective evidence establishes that the [plaintiff's] impairments . . . do not prevent her from engaging in all basic work functions." Id. In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting plaintiff's own subjective complaints, and because the third parties' testimony was similar to such complaints, it follows that the ALJ gave germane reasons for rejecting statements from plaintiff's husband and mother. The ALJ did not err in finding the lay witnesses' testimony unpersuasive.

### VII. Appropriate Remedy

As discussed above, the ALJ failed to properly determine whether plaintiff can perform her past relevant work, and to identify specific and legitimate reasons for rejecting Dr. Finley's opinion. Plaintiff argues that the appropriate remedy is to remand for an

immediate award of benefits. Remand for an award of benefits is appropriate only "where the record has been developed fully and further administrative proceedings would serve no useful purpose." Strauss v. Commissioner of the Social Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011) (citation omitted). Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Id. Here, the ALJ has not had the opportunity to consider the new evidence plaintiff submitted to the Appeals Council. Therefore, further administrative proceedings are not only useful, but necessary.

A court may credit a plaintiff's symptom testimony as true even where a remand for further proceedings is needed, especially in cases where a plaintiff is of advanced age and has suffered a "severe delay" in the application process. Vasquez, 572 F.3d at 593–94. We decline to do so in this case. Plaintiff is barely in her late thirties and her application was filed four years ago, which is not an extraordinary amount of time by social security standards. See id. (severe delay when application for benefits filed nearly seven years before).

For the foregoing reasons, **IT IS ORDERED REVERSING** the decision of the Commissioner and **REMANDING** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand the ALJ is directed to reevaluate Dr. Finely's opinion in light of the new evidence. The ALJ is further directed to reassess the step four conclusion in light of this opinion and the new evidence, and to proceed to a step five analysis to determine whether there are jobs existing in significant numbers in the national economy that plaintiff can perform. The Clerk shall enter final judgment.

DATED this 11th day of July, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge