**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal A. Moya, ) | No. CV-12-01659-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it plaintiff's motion for an award of attorney's fees (doc. 16), defendant's response (doc. 17), and plaintiff's reply (doc. 18).

On July 11, 2013, we entered an order reversing the decision of the Commissioner and remanding the case for further administrative proceedings, in light of our conclusion that the ALJ erred in characterizing plaintiff's past relevant work and in failing to provide clear and convincing reasons for rejecting plaintiff's treating physician's opinion. Plaintiff now moves for an award of attorney's fees in the amount of $6,762.02 under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") and reimbursement of costs in the amount of $350.00.

Under 28 U.S.C. § 2412(d)(1)(A), a party prevailing against the United States is entitled to an award of reasonable attorney's fees and costs if the position of the United States was not "substantially justified." It is the government's burden to show substantial justification. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). The government's

position is substantially justified when it has a reasonable basis in both law and fact. <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002). We look to both "the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

With respect to the first issue, the vocational expert classified the exertional levels for the dental assistant and office manager parts of plaintiff's former job as light and sedentary, respectively. Nevertheless, the ALJ considered only the sedentary office manager functions and improperly concluded that plaintiff could perform her past relevant work. This conclusion was not substantially justified. Moreover, the government's litigation defending the ALJ's error also lacked substantial justification.

With respect to the second issue, the ALJ gave no specific reason for rejecting Dr. Finley's opinion. This was also error without substantial justification.

Therefore, **IT IS ORDERED GRANTING** plaintiff's motion for an award of attorney's fees and costs under the EAJA (doc. 16). Plaintiff is awarded $6,762.02 in fees and $350.00 in costs.

We reject plaintiff's request that the award of fees be paid directly to her lawyer based on an executed assignment of her right to EAJA fees. Fees awarded under the EAJA are subject to a federal administrative offset if the litigant has outstanding federal debts. <u>Astrue v. Ratliff</u>, 560 U.S. 586, ___, 130 S. Ct. 2521, 2527 (2010). We do not know whether plaintiff owes a debt that is subject to offset. The Commissioner has indicated that after receiving our fee order, it will determine whether plaintiff has assigned her right to EAJA fees to her attorney and whether plaintiff owes a debt that is subject to offset. If no debt is owed and a valid assignment is in place, the Commissioner will make the award check payable to plaintiff's counsel.

DATED this 4th day of November, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge